# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GW Grundbesitz AG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A Investments LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00572-JAD-BNW<br><br>**Order re ECF No. 47** |

Presently before the Court is Plaintiff GW Grundbesitz AG's motion for an order excusing the requirement of personal service set forth in ECF Nos. 39, 44, and 46. ECF No. 47. Defendants filed an opposition at ECF No. 48, and Plaintiff replied at ECF No. 53.

Plaintiff previously moved for a judgment debtor examination, which the Court conditionally approved upon a showing that Defendants reside in Clark County (to ensure compliance with NRS 21.270, the statute governing judgment debtor examinations).[1] *See* ECF No. 44. In this same Order, the Court required that Plaintiff personally serve Defendants with a copy of the motion for a judgment debtor examination and the Court's Order. *See id*. Plaintiff then filed an affidavit establishing that Defendants do reside in Clark County and, as a result, the Court unconditionally granted Plaintiff's motion for a judgment debtor examination. *See* ECF No. 46. The Court, again, required Plaintiff to personally serve Defendants with a copy of the Court's Order. *See id.*

The parties now dispute whether Plaintiff must personally serve Defendants with a copy of the Order requiring that Defendants sit for a judgment debtor examination. Plaintiff argues that NRS 21.270 does not specifically require personal service; Defendants are represented by counsel

---

[1] This is so because "[n]o judgment debtor may be required to appear outside the county in which the judgment debtor resides." NRS 21.270(1).

and, therefore, have already been served through the Court's electronic filing system; and Defendant Lezlie Gunn's fear that Plaintiff's counsel is attempting to kill her make it burdensome and, even, unsafe to effectuate personal service. ECF No. 47 at 2, 6. Defendants counter that it is improper to reconsider the Court's prior Orders; Plaintiff's inconvenience in effectuating personal service is not sufficient to reverse the Court's prior Orders; Plaintiff's safety concerns are unsubstantiated; Plaintiff has the resources to effectuate personal service and, therefore, doing so would not be difficult; and due process requires personal service. ECF No. 48 at 2. Plaintiff replies that the issue of personal service is moot as Defendants now have actual notice of the judgment debtor examination. ECF No. 53 at 2.

NRS 21.270 provides that a "judgment creditor, at any time after the judgment is entered, is entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property . . . ." The statute also provides that a "judgment debtor who is regularly served with an order issued pursuant to this section, and who fails to appear at the time and place specified in the order, may be punished for contempt by the judge issuing the order." NRS 21.270(3). While the statute does not specify the type of service beyond "regular service," this Court and others have required personal service. *See, e.g., Bass v. Harris*, 2016 U.S. Dist. LEXIS 32435, \*4; *Renteria v. Canepa*, 2012 U.S. Dist. LEXIS 147875, \*3; *cf. United States v. Taylor*, No. 213CR00165JADPAL, 2017 WL 379416, at \*2 (D. Nev. Jan. 25, 2017).

While Defendants are correct in noting that the Court previously ordered that Plaintiff personally serve Defendants with the Orders regarding the judgment debtor examination with due process in mind,[2] Plaintiff is also correct in noting that NRS 21.270 does not explicitly require personal service. Accordingly, in light of the statute's silence and the fact that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332, the Court will apply the Federal

---

[2] The Court previously ordered Plaintiff to personally serve Defendants to ensure that the latter had actual notice of the judgment debtor examination. It is clear, by virtue of Defendants' objection, that they have received notice.

Rules of Civil Procedure relating to service. *See In re Cty. of Orange*, 784 F.3d 520, 523–24 (9th Cir. 2015) (internal quotations and citation omitted) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.")

The Federal Rules of Civil Procedure require that service be effectuated in a number of ways, including by serving a party's attorney. Fed. R. Civ. Pro. 5(b)(1). Other methods of service include personal service and service by mail. Fed. R. Civ. Pro. 5(b)(2)(A), (C). District courts within the Ninth Circuit have appeared to indicate that serving an order requiring a judgment debtor examination using a method enumerated in Rule 5 is sufficient to provide the judgment debtor with notice. *See, e.g., Laufman v. Elliston*, No. CV-99-1291-PHX-EHC, 2008 WL 681829, at *3 (D. Ariz. Mar. 7, 2008); *Bd. of Trustees of the Sign, Pictorial & Display Indus. Welfare Fund v. PS Servs. Co., LLC*, No. 17-CV-02452-LB, 2018 WL 6990411, at *3 (N.D. Cal. Dec. 21, 2018).

Given that Defendants did respond to Plaintiff's motion seeking to be excused from personally serving the documents relating to the ordered judgment debtor examination, they are on notice of this examination. At the same time, Defendants have recently substituted attorneys. *See* ECF Nos. 55, 56. Accordingly, the Court will order Plaintiff to serve Defendants with a copy of the documents relating to the judgment debtor examination through any of the methods provided by Federal Rule of Civil Procedure 5.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order Excusing the Requirement of Personal Service Set Forth in ECF Nos. 39, 44 (ECF No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff serve Defendants a copy of ECF Nos. 39, 44, and 46 in a manner that complies with Federal Rule of Civil Procedure 5(b) and to file proof of service with the Court.

DATED: November 22, 2021.

Brenda Weksler
United States Magistrate Judge