AARON R. MAURICE, ESQ.
Nevada Bar No. 6412
BRITTANY WOOD, ESQ.
Nevada Bar No. 7562
ELIZABETH E. ARONSON, ESQ.
Nevada Bar No. 14472
**MAURICE WOOD**
8250 West Charleston Blvd., Suite 100
Las Vegas, Nevada 89117
Telephone:  (702) 463-7616
Facsimile:  (702) 463-6224
E-Mail:      amaurice@mauricewood.com
                 bwood@mauricewood.com
                 earonson@mauricewood.com

Attorneys for Judgment Creditor,
GW GRUNDBESITZ AG

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GW GRUNDBESITZ AG, a corporation organized under the laws of the Swiss Confederation,<br><br>Plaintiff,<br><br>vs.<br><br>A. INVESTMENTS, LLC, a dissolved Nevada limited liability company; LEZLIE GUNN, an individual, as trustee for A. INVESTMENTS, LLC,<br><br>Defendants. | CASE NO. 2:20-CV-00572-JAD-BNW<br><br>**MOTION FOR ORDER SETTING JUDGMENT DEBTOR EXAMINATION BEFORE MAGISTRATE JUDGE IN ACCORDANCE WITH NRS 21.270(1)(a)** |

Plaintiff/Judgment Creditor, GW GRUNDBESITZ AG ("Plaintiff"), by and through its attorneys, the law firm of MAURICE WOOD, hereby moves this Court for an Order setting a time and date for a Judgment Debtor Examination requiring Lezlie Gunn, as Trustee for A. Investments, LLC, to appear before this Court for a Judgment Debtor Examination.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF FACTS**

On September 9, 2021, Plaintiff filed a Motion for Order Setting Judgment Debtor Examination, requesting that this Court enter an Order setting a time and date for a Judgment Debtor Examination requiring Lezlie Gunn, as Trustee for A. Investments, LLC ("Gunn"), to

appear before this Court for a Judgment Debtor Examination. The Motion was served by electronic service on Judgment Debtors' counsel through the Court's Electronic Filing System.

On October 1, 2021, this Court conditionally granted Plaintiff's Motion as unopposed. See ECF No. 44. The Court's Minute Order ordered Plaintiff to personally serve Judgment Debtors with a copy of Plaintiff's Motion for Order Setting Judgment Debtor Examination [ECF No. 39] and the Court's Order conditionally granting the same [ECF No. 44]. The Minute Order further ordered the parties to meet and confer by October 22, 2021, to reach a mutually agreed-upon date and location for the Judgment Debtor's examination.

Immediately upon receipt of the Minute Orders, Plaintiff's counsel reached out to Gunn's counsel to inquire if Gunn's counsel would accept service on behalf of his clients and to set a date and time to meet and confer as to the date and location of the Judgment Debtor Examination. On October 13, 2021, Gunn's counsel confirmed that he was not authorized to accept personal service on behalf of Gunn. As a result, Plaintiff filed a Motion for Order Excusing the Requirement of Personal Service Set Forth in ECF Nos. 39, 44, and 46 ("Personal Service Motion"). See ECF No. 47. On October 25, 2021, Gunn filed her Response to the Personal Service Motion. See ECF No. 48.

On October 22, 2021, Brittany Wood, on behalf of Plaintiff, and David Riggi, on behalf of Judgment Debtors, conducted a telephonic meet and confer in an attempt to reach an agreement as to a mutually agreed-upon date and location for the Judgment Debtor's Examination. The parties were able to reach an agreement as to the proposed date of the Judgment Debtor's Examination (agreeing that the parties could be available on November 15, 16, or 17). Unfortunately, the parties were unable to agree to a location for the Judgment Debtor Examination. For that reason, Plaintiff brings this Motion, seeking an Order from the Court in accordance with NRS 21.270(1)(a).

**II.   ARGUMENT**

Under Fed. R. Civ. P. 69, judgment creditors are entitled to post-judgment discovery as allowed by the Federal Rules of Civil Procedure and the post-judgment procedures in the state where the court is located. See Magnolia Fin. Grp., LLC v. Antos, No. 2:18-cv-01839-JAD-BNW,

2019 U.S. Dist. LEXIS 166408, at *3 (D. Nev. Sep. 26, 2019) (citing Fed. R. Civ. P. 69).  In relevant part, NRS 21.270 provides:

> 1.   A judgment creditor, at any time after the judgment is entered, is entitled to ***an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property, before:***
> ***(a)   The judge or a master appointed by the judge***; or
> (b)  An attorney representing the judgment creditor,
> at a time and place specified in the order. No judgment debtor may be required to appear outside the county in which the judgment debtor resides.
> …
> 3.   A judgment debtor who is regularly served with an order issued pursuant to this section, and who fails to appear at the time and place specified in the order, may be punished for contempt by the judge issuing the order.

During the meet and confer, Gunn's counsel indicated that due to her concerns for her personal safety, she wished to have the Judgment Debtor's Examination conducted by remote means. As set forth in detail in the Personal Service Motion, while no one (including the undersigned) is trying to kill Gunn, counsel for Plaintiff recognizes there is an ongoing public health concern related to the transmission of COVID-19 which, combined with Gunn's unsubstantiated concerns for her personal safety, constitutes good cause to conduct the Judgment Debtor Examination remotely.

However, because Gunn has a history of obstructing the deposition process (which is exacerbated when the deposition occurs by remote means), in accordance with NRS 21.270(1)(a), the Judgment Debtor Examination should occur before a judge or master appointed by the judge to ensure that Gunn provides responsive answers to the questions posed in the Judgment Debtor Examination.  The last time the undersigned deposed Gunn (which was in July of this year), Gunn repeatedly obstructed the deposition process, forcing the undersigned to file a Motion to Compel. See Ponder vs. Wild, Case No. 2:21-cv-01390-RFB-VCF. Although Magistrate Judge Ferenbach referred the matter to the Eastern District of Kentucky Northern Division for a decision in Case No. 2:19-cv-166-WOB-CJS (where the motion remains pending), Magistrate Judge Ferenbach recognized that court supervision was likely necessary finding:

> This court is willing to convene the completion of Lezlie Gunn's deposition in its courtroom and provide supervision, if necessary,

should Magistrate Judge Candance J. Smith in the Eastern District of Kentucky order such a remedy. See Ponder vs. Wild, Case No. 2:21-cv-01390-RFB-VCF, ECF No. 20, attached hereto as **Exhibit 1**. Based on Gunn's history of obstructing the deposition process, good cause exists to order that the Judgment Debtor Examination occur before the Magistrate Judge to ensure that Gunn provides responsive answers to the questions posed.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court enter an Order directing Gunn to appear before this Court by remote video means on November 15, 16, or 17, 2021, to be sworn and respond to questions from Plaintiff's counsel regarding Judgment Debtor's assets.

DATED this 27th day of October, 2021.

**MAURICE WOOD**

By */s/Aaron R. Maurice*
AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
BRITTANY WOOD, ESQ.
Nevada Bar No. 007562
ELIZABETH E. ARONSON, ESQ.
Nevada Bar No. 14472
8250 West Charleston Blvd., Suite 100
Las Vegas, Nevada 89117

Attorneys for Judgment Creditor,
GW GRUNDBESITZ AG

### Order

IT IS ORDERED that ECF No. 54 is GRANTED as unopposed. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion," except a motion for attorney's fees or summary judgment, "constitutes a consent to the granting of the motion."). IT IS FURTHER ORDERED that Plaintiff's counsel, after meeting and conferring with Defendants' counsel, submit to the Court at least three possible dates for the judgment debtor examination and share with the Court how many hours the examination will take.

**IT IS SO ORDERED**
**DATED:** 10:49 am, November 22, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Maurice Wood, and that on the 27th day of October, 2021, I caused to be served a true and correct copy of the foregoing **MOTION FOR ORDER SETTING JUDGMENT DEBTOR EXAMINATION BEFORE MAGISTRATE JUDGE IN ACCORDANCE WITH NRS 21.270(1)(a)** in the following manner:

(ELECTRONIC SERVICE)  The above-referenced document was electronically filed on the date hereof and served through the Court's Electronic Filing System to all parties on the current service list.

*/s/Brittany Wood*
An Employee of MAURICE WOOD